Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff and Proposed Class and Collective Action Members*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Bobbs, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>National Claims Adjusters, Inc.,<br><br>     Defendant. | Case No.   **'21 CV1323 TWR BGS**<br><br>**COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA STATE LAW**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Patricia Bobbs ("Plaintiff" and/or "Bobbs"), on behalf of herself and all others similarly situated, hereby files this Complaint against Defendant National Claims Adjusters, Inc. ("National" and/or "Defendant"), showing in support as follows:

## I.   INTRODUCTION AND NATURE OF ACTION

1.      This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2.     This action is also brought as a putative class action under the California Labor Code and relevant Minimum Wage Order, MW-2021, and Industrial Welfare Commission Wage Order, No. 4-2001; the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; the California Labor Code and relevant Industrial Welfare Commission Wage Order, Cal. Labor Code § 2802 (Failure to Reimburse for Necessary Expenditures); Cal. Labor Code § 226 (Wage Statement Provisions); Cal. Labor Code §§ 226, 1174, and 1174.5 (Record Keeping); and Cal. Labor Code §§ 201, 202, and 203 (Wage Payment Provisions) (collectively, "California State Law") for Defendant's violations of California State Law.

3.     According to its website, Defendant National Claims Adjusters, Inc. is an independent adjusting company that handles hurricane, flood, hail, tornado, and earthquake insurance claims throughout the United States.[1]  Plaintiff handled property damage claims on behalf of Defendant.

4.     National misclassified Plaintiff and similarly situated individuals that handled property damage claims as independent contractors, in violation of California and federal law. *See* Cal. Labor Code § 2775; *Real v. Driscoll Strawberry Assocs., Inc.*, 605 F.2d 748, 754 (9th Cir. 1979). In particular, Plaintiff and similarly situated individuals in California (the "California Class Action Members") were not free from the control and direction of National, performed work in the usual course of National's business, and were not customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed. *See id.*

---

[1]    *See* National Claims Adjusters, Inc., *Services*, https://nclaimsadjusters.com/services (last accessed July 5, 2021).

5.     As a result of this misclassification, Defendant has unlawfully failed to pay Plaintiff and similarly situated individuals all due and owing minimum wages, in part, because it failed to reimburse necessary business expenses incurred for Defendant's benefit (including, but not limited to, cellular phone and data expenses, paper, printer, ink, and other office supplies) in violation of federal and California state law. *See* 29 U.S.C. § 206, and Cal. Labor Code §§ 1182.12, 1194, 1194.2-1194.5, and 2802. Defendant's misclassification of Plaintiff and similarly situated individuals and its failure to pay all due and owing wages and provide all benefits provided under the law was a willful violation under federal and California state law. *See* 29 U.S.C. §§ 216(a) & 255(a); Cal. Labor Code § 226.8. Similarly, Defendant failed to provide compliant wage statements in violation of California state law with respect to Plaintiff and the California Class Action Members. *See* Cal. Labor Code §§ 218.5, 226.7, 512 and IWC Wage Order No. 4-2001; Cal. Labor Code § 226(a).

6.     Plaintiff seeks all damages available under federal and California law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which she may be entitled.

## II.     THE PARTIES

**A.     Plaintiff Patricia Bobbs**

7.     Bobbs is an individual currently residing in Pennington County, South Dakota. She has standing to file this lawsuit.

8.     Bobbs worked for Defendant remotely from her home in San Diego County, California from on or about September 2018 through approximately October 2018.

9.     Bobbs' consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as **Exhibit 1**.

**B.      Putative California Class Action Members**

10.      Plaintiff brings this action on behalf of herself and on behalf of other similarly situated workers in the state of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent the California Class Action Members composed of and defined as follows:

> All current and former individuals located in California who handled insurance claims for Defendant at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were classified as independent contractors.

11.      Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

12.      Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**C.      Putative Collective Action Members**

13.      Plaintiff brings this action on behalf of herself and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former individuals who handled insurance claims for Defendant nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were classified as independent contractors.

14.      Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

15.     Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

**D.     Defendant National Claims Adjusters, Inc.**

16.     Defendant National Claims Adjusters, Inc. is a corporation organized under the laws of the state of Florida that does business in California.

17.     Defendant may be served with process through its registered agent, CSC-Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833-3505.

18.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

19.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

20.     At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### III.     JURISDICTION AND VENUE

21.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

22.     This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

23.     The United States District Court for the Southern District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

### IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

25.     Defendant is an independent adjusting company that hires "independent contractors" to review and process insurance claims. The services provided by these so-called "independent contractors" are the primary source of revenue for Defendant.

26.     While Defendant's employment agreement with Plaintiff indicated that Plaintiff was doing business as a corporation, at all times relevant Defendant paid Plaintiff and similarly situated workers in their individual capacities using their personal social security numbers.

27.     Plaintiff worked remotely for Defendant from her home office in San Diego, California from on or about September 2018 through approximately October 2018.  Plaintiff handled insurance claims related to Hurricane Michael which caused significant damage in Florida.

28.     Defendant hires thousands of "independent contractors" across the country to handle insurance claims, many of whom work in the State of California.

29.     All of the putative California Class Action Members and Collective Action Members were similarly classified as independent contractors, paid on a flat fee basis, and performed substantially similar job duties as the Plaintiff.

30.     Plaintiff was not allowed to negotiate the amount she was paid. Instead, her pay of $20.00 to $50.00 per claim file was offered on a "take it or leave it" basis.

31.     Furthermore, Plaintiff, like the putative California Class Action Members and Collective Action Members, was required to use of her cell phone, data plan, and internet connection and to purchase a printer, paper, ink, and other office supplies necessary to perform her job. Defendant did not defray these costs incurred by Plaintiff and similarly situated individuals.

32.     Plaintiff and the putative California Class Action Members and Collective Action Members were required to learn Defendant's policies and procedures and deadlines. After becoming acquainted with the company, Defendant electronically assigned Plaintiff and the putative California Class Action Members and Collective Action Members their respective claims to complete.

33.     Defendant also provided standard operating procedures to Plaintiff and the putative California Class Action Members and Collective Action Members that they were required to follow. They were not permitted to deviate from Defendant's standard operating procedures.

34.     Plaintiff and the putative California Class Action Members and Collective Action Members were subject to Defendant's control such that Defendant reviewed their work, made corrections, and issued instructions.

35.     Plaintiff and the putative California Class Action Members and Collective Action Members were non-exempt employees.

36.     Despite Defendant's employer-employee relationship with Plaintiff and the putative California Class Action Members and Collective Action Members, Defendant

misclassified Plaintiff and the California Class Action Members and Collective Action Members as independent contractors instead of employees.

37.     Defendant failed to pay Plaintiff and the California Class Action Members and Collective Actions Members at least the minimum wage rate for all hours worked under federal[2] and California law. For example, in a seven-day workweek, on average, Plaintiff completed eight (8) claims at $20.00 to $50.00 per claim. Plaintiff typically worked a total of 60 hours per week. Plaintiff incurred weekly expenses of at least $70.00, including for her cell phone, data plan, and internet connection, as well as for the printer, paper, ink, office supplies, and other expenses. The maximum gross compensation paid to Plaintiff, when divided by her hours of work and with expenses deducted, demonstrates that she was paid, on average, $5.50 per hour (8 claims *$50.00 per claim = $400.00 - $70.00 expenses = $330.00 / 60 hours of work per week = $5.50 per hour). Consequently, Plaintiff was compensated below the federal minimum wage of $7.25 per hour, and far below the California minimum wage of $11.00 per hour.[3]

38.     The pay rate applicable to Plaintiff for the work she performed as an employee of National in a given workweek, and on average with respect to her work for National, was in violation of the FLSA, and Plaintiff is owed the difference between the federally-mandated minimum wage and the actual wage rate she was paid (i.e., $11.00 [2018 California minimum wage] - $5.50 [wage rate actually paid] = $5.50) multiplied by her hours of work in that

---

[2]   *See* 29 U.S.C. § 218(a) (employee is entitled to be compensated at the greater of either the federal minimum wage rate or the minimum wage rate established by the state or locality in which the employee works).

[3]   *See* State of Cal. Dep't of Indus. Relations, *Minimum Wage*, https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last accessed July 9, 2021) (The California state minimum wage rate for an employer with at least 26 employees was $11.00 from January 1, 2018 to December 31, 2018.).

workweek ($5.50 * 60 [hours per week] = $330.00) as back wages, as well as all other applicable statutory damages and/or remedies. This pay practice and/or policy was not unique to Plaintiff, but was applicable to all similarly situated individuals hired as "independent contractors." As a result, Plaintiff and similarly situated individuals hired as "independent contractors" are entitled to damages for National's failure to compensate them at the federally-mandated minimum wage.

39.     Plaintiff and the putative California Class Action Members and Collective Action Members were never independent contractors, but were at all times employees of Defendant. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the putative California Class Action Members and Collective Action Members.

40.     In addition, Defendant instructed Plaintiff and the putative California Class Action Members  and Collective Action Members about when, where, and how they were to perform their work – including assigning the details of the job assignment.

41.     Plaintiff and the putative California Class Action Members and Collective Action Members were the workforce without which Defendant could not provide its services. Plaintiff and the putative California Class Action Members and Collective Action Members were not independent business owners, but were dependent upon the work of Defendant to earn income.

42.     Despite these facts, Defendant improperly classified Plaintiff and the putative California Class Action Members and Collective Action Members as independent contractors and not as employees.

43.     Defendant's method of paying the Plaintiff and the putative California Class Action Members and Collective Action Members in violation of the California Labor Code was

Case No.
Original Complaint

willful and was not based on a good faith and reasonable belief that its conduct complied with the law.

44.     Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative California Class Action Members and Collective Action Members.

45.     Moreover, Defendant failed to reimburse Plaintiff and the California Class Action Members for their work-related expenses. Plaintiff and the California Class Action Members used their cell phones, data plans, and internet connections and had to purchase paper, printers, ink, office supplies, and other items. However, Defendant failed to reimburse the aforementioned expenses. Plaintiff and the California Class Action Members incurred these costs as a necessary expenditure to work for Defendant and thus, Defendant should have paid for those costs.

46.     Defendant also failed to provide Plaintiff and the California Class Action Members with proper itemized wage statements that included all the requisite information required by California law, including the number of hours worked, the hourly wage rate, and any deductions from wages.

## V.     COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff seeks to bring her claims under the FLSA on behalf of herself and all other similarly situated individuals nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to certify a collective action pursuant to the below preliminary definition:

> All current and former individuals who handled insurance claims for Defendant nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were classified as independent contractors.

48.     Plaintiff has actual knowledge that the putative Collective Action Members have been denied minimum wages for all hours worked in each workweek. Plaintiff worked with other non-exempt individuals who were similarly misclassified as independent contractors and paid a flat fee per claim.

49.     The putative Collective Action Members are similarly situated to Plaintiff in all respects, having worked on a flat fee per claim basis while misclassified as independent contractors, and being required to incur expenses including cell phone/data charges, office supplies, and other expenses which caused their wages to drop below the applicable minimum wage rate.

50.     Defendant's failure to pay minimum wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members, specifically from their misclassification as independent contractors by Defendant.

51.     The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

52.     Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

## VI.     CLASS ALLEGATIONS

53.     Plaintiff also seeks to bring her claims under California State Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Class Action Members pursuant to the below preliminary definition:

1
2

> All current and former individuals located in California who handled insurance claims for Defendant at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were classified as independent contractors.

3
4

54.   Numerosity. The number of members in the California Class Action is believed to exceed forty. This volume makes bringing the claims of each individual member of the class

5

before this Court impracticable. Likewise, joining each individual member of the California

6

Class Action as a plaintiff in this action is impracticable. Furthermore, the identity of the

7

members of the California Class Action will be determined from Defendant's records, as will the

8

compensation paid to each of them. As such, a class action is a reasonable and practical means of

9

resolving these claims. To require individual actions would prejudice the California Class Action

10

Members and Defendant.

11

55.   Typicality. Plaintiff's claims are typical of the California Class Action because

12

like the members of the California Class Action, Plaintiff was subject to Defendant's uniform

13

policies and practices and was compensated in the same manner as others in the California Class

14

Action. Defendant failed to pay the California Class Action Members minimum wages and

15

reimbursable expenses. Plaintiff and the California Class Action Members have been

16

uncompensated and/or under-compensated as a result of Defendant's common policies and

17

practices which failed to comply with California law. As such, Plaintiff's claims are typical of

18

the claims of the California Class Action Members. Plaintiff and all members of the California

19

Class Action sustained damages arising out of and caused by Defendant's common course of

20

conduct in violation of law as alleged herein.

21

56.   Adequacy. Plaintiff is a representative party who will fairly and adequately

22

protect the interests of the California Class Action Members because it is in her interest to

23
24

effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the California Class Action Members she seeks to represent.

57.     Commonality. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

a.  Whether Plaintiff and the California Class Action Members were paid the minimum wage;

b.  Whether Plaintiff and the California Class Action Members incurred work related expenses;

c.  Whether Plaintiff and the California Class Action Members were issued proper wage statements;

d.  Whether Defendant failed to keep accurate records of employees' hours of work and hourly wages, and failed to timely furnish each Plaintiff and member of the California Class Action with a statement accurately showing the total number of hours worked and wages earned each pay period; and

e.  Whether Defendant has failed to timely pay employees unpaid wages and overtime due upon their separation from employment with Defendant.

58.     The common issues of law include, but are not limited to:

a.  Whether Plaintiff and the California Class Action Members were employees or independent contractors;

b. Whether Plaintiff and the California Class Action Members, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all their wages upon termination of their employment;

c. Whether Defendant's pay records comply with California law;

d. Whether Plaintiff and the California Class Action Members are entitled to compensatory damages;

e. The proper measure of damages sustained by Plaintiff and the California Class Action Members; and

f. Whether Defendant's actions were "willful."

59.   Superiority. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the California Class Action could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the California Class Action would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

60.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual California Class Action Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the California Class

Action Members by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the California Class Action is readily identifiable from Defendant's records.

61. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; and (2) the burden is on Defendant to prove it properly compensated Plaintiff and the California Class Action Members. Ultimately, a class action is a superior form to resolve the claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the California Class Action Members per applicable California laws.

## VII.   CAUSES OF ACTION

**1.    First Claim for Relief – Federal Minimum Wage Claims: Violations of the FLSA 29 U.S.C. §§ 29 U.S.C. §§ 201-219**

62. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

63. The foregoing conduct, as alleged, violated the FLSA.

64. Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

65. Defendant was and is required to pay its employees, Plaintiff and the putative Collective Action Members, at a rate of at least the highest of the applicable federal, state, municipal or local minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

66. Defendant failed to pay Plaintiff and the putative Collective Action Members the applicable federally-mandated minimum wage for all hours worked under forty in each

workweek due to its policy or practice of misclassifying Plaintiff and the putative Collective Action Members as independent contractors.

67.     Accordingly, Plaintiff and the putative Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. §§ 206 & 207.

68.     Defendant's conduct was willful and done to avoid paying minimum wages and overtime 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

69.     Plaintiff seeks all damages to which she is entitled under the FLSA, including back minimum wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically pleads recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

### 2.     Second Claim for Relief – Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210

70.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

71.     The foregoing conduct, as alleged violates the California Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting any unlawful or unfair business acts or practices.

72.     Plaintiff brings this cause of action on behalf of herself and as a representative of the California Class Action Members subject to Defendant's unlawful acts and practices.

73.     During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without

limitation and each independently, failing to pay minimum wages, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

74.     As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff and the California Class Action Members. Defendant must disgorge these ill-gotten gains and restore to Plaintiff and the California Class Action Members all wrongfully withheld wages, including, but not limited to minimum wages, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

75.     Plaintiff, on behalf of herself and the California Class Action Members, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief, pursuant to the four-year statute of limitations contained in the UCL.

**3.     Third Claim for Relief – California State Minimum Wage Claims: Violations of Cal. Labor Code §§ 1182.12, 1194, 1194.2-1194.5, 1197, 1197.1; IWC Wage Order No. 4-2001; Minimum Wage Order MW-2021**

76.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

77.      The California Labor Code requires that all employees be paid minimum wages by their employers. Plaintiff and the California Class Action Members were at all times employees of the Defendant. *See* Cal. Labor Code § 2775 (codifying ABC test from *Dynamex Operations. W. Inc. v. Superior Court*, 4 Cal. 5th 903 (2018)). Defendant's conduct, as set forth, in failing to ensure that Plaintiff and the California Class Action Members received the minimum

wage for all hours worked violates California Law. *See* Cal. Labor Code §§ 1182.12, 1194, 1194.2-1194.5, 1197, 1197.1.

78.     Plaintiff brings this claim individually and on behalf of the California Class Action Members. Plaintiff specifically seeks recovery for unpaid minimum wages for the four-year period relevant to her lawsuit in an amount to be established at trial, prejudgment interest, liquidated damages in an amount equal to her and the California Class Action Members' back minimum wages, and costs and attorneys' fees, pursuant to statute and other applicable law.

**4.     Fourth Claim for Relief – Failure to Reimburse for Necessary Expenditures; Cal. Labor Code § 2802**

79.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

80.     At all times material to this Complaint, Defendant required Plaintiff and the California Class Action Members to provide their own office supplies and equipment throughout the course and scope of their employment.  Defendant did not reimburse Plaintiff and the California Class Action Members for the use of their cell phones, data plans, and internet connections. Also, Plaintiff and the California Class Action Members were not reimbursed for the purchase of paper, printers, ink, office supplies, and other expenses that benefited Defendant, all of which were required to perform their jobs.

81.     At all times material to this Complaint, Defendant was subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

82. As a proximate result of Defendant's policies in violation of Labor Code § 2802, Plaintiff and the California Class Action Members sustained actual and pecuniary damages.

83. Plaintiff and the California Class Action Members are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

84. Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure. Plaintiff and the California Class Action Members are entitled to said interest.

**5.   Fifth Claim for Relief – Failure to Furnish Wage Statements and Record-Keeping Violations, Cal. Labor Code § 226, 1174, & 1174.5**

85. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

86. Defendant knowingly and intentionally failed to furnish and continues to fail to furnish Plaintiff and the California Class Action Members with timely, itemized statements that accurately reflect – among other things – the total number of hours worked and wages earned, as mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked. On information and belief, at all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and the California Class Action Members as required under California Labor Code § 1174(d).

87. As a result, Defendant is liable to Plaintiff and each of the California Class Action Members for the amounts provided by California Labor Code § 226(e): the greater of actual

damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

88.     Plaintiff and the California Class Action Members are also entitled to reasonable attorneys' fees and costs pursuant to California Labor Code § 226(e).

### 6.     Sixth Claim for Relief – California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203

89.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

90.     California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

91.     Plaintiff and the putative California Class Action Members who ceased employment with Defendant are entitled to unpaid compensation and other monies, as alleged above, but to date have not received such compensation.

92.     More than thirty days have passed since Plaintiff and the putative California Class Action Members left Defendant's employ.

93.     As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and the putative California Class Action Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

# VIII.  JURY DEMAND

94.     Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which she and the putative Collective and California Class Action Members have a right to jury trial.

# IX.     DAMAGES AND PRAYER

95.     Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members and California Class Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.      An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.      An order certifying that the California State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

c.      Designation of Plaintiff Patricia Bobbs as a Representative of the California Class Action Members;

d.      Designation of attorneys Ricardo J. Prieto and Melinda Arbuckle of Shellist Lazarz Slobin, LLP, as Class Counsel for the nationwide FLSA Collective Action and the California Class Action Members;

e.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California State Law;

f.      An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.      An award of compensatory damages, including all expenses and back wages owed, in an amount according to proof;

h.      An award of liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;

i.      Appropriate statutory penalties;

j.      Costs of action incurred herein, including expert fees;

k.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

l.      Pre-judgment and post-judgment interest, as provided by law; and

m.      Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: July 22, 2021

Respectfully submitted,

By:     */s/*Melinda Arbuckle                          
        Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff and Proposed Class and Collective Action Members*

Case No.
Original Complaint