UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BOBBS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CLAIMS ADJUSTERS, INC.,<br><br>Defendant. | Case No.: 21-CV-1323 TWR (BGS)<br><br>**ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY**<br><br>(ECF No. 30) |

Presently before the Court is Defense Counsel's unopposed Motion to Withdraw as Attorney for Defendant National Claim Adjusters, Inc. (ECF No. 30, "Mot.") The Court **VACATES** the hearing set for November 10, 2022, and takes the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered Defense Counsel's arguments and the law, the Court **GRANTS** the motion and **ORDERS** Defendant to obtain new counsel within thirty (30) days of the date of this Order.

## BACKGROUND

The law firm of Call & Jensen currently represents Defendant National Claim Adjusters, Inc. (Mot. at 3.) But according to Defense Counsel, Defendant has ceased communications with the firm despite repeated attempts to engage in meaningful conversations that would move the litigation forward. (*Id.* at 4–5; ECF No. 30-1 at ¶¶ 5–

11, "Egley Decl.") Defense Counsel indicates that Defendant did not attend a scheduled mediation in July 2022, nor did Defendant provide its Counsel with pertinent information for the mediation. (Mot. at 4; Egley Decl. ¶¶ 5–7.) Defendant has also ceased payments to Defense Counsel—Counsel has not been paid since December 2021. (Mot. at 4.) At the end of August 2022, Defense Counsel emailed Defendant informing it that the firm would need to withdraw from representation if it failed to communicate with its attorneys, provide requested information, and pay its bills. (*Id.*; Egley Decl. ¶¶ 9–10.) In the same email, Defense Counsel also informed Defendant that companies may only appear in federal court through counsel. (Egley Decl. ¶ 9.) As of November 4, 2022, Defendant had not responded to any of Defense Counsel's attempted communications since August 2022. (ECF No. 33 at ¶ 6, "Supp. Egley Decl.") Defense Counsel now seeks to withdraw as Defendant's counsel of record, stating it has taken reasonable steps to try to avoid having to be relieved as counsel, but good cause exists to allow the firm to withdraw given the breakdown in the relationship between Defendant and Defense Counsel. (Mot. at 5; Egley Decl. ¶ 13.) Defense Counsel also requests that the Court continue all other hearings and trial dates by three months. (Mot. at 2.) Plaintiff has indicated to Defense Counsel that she does not oppose this motion (Mot. at 3; Supp. Egley Decl. ¶ 5) and Defendant has not opposed the Motion even though Defense Counsel served Defendant with the Motion (*see generally* ECF No. 30-2).

## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Beard v. Shuttermart of Cal., Inc.*, 2009 WL 410694, at * 2 (S.D. Cal. Feb. 13, 2008). Under the Civil Local Rules, a "motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client" and the moving attorney must file a declaration of service. L.R. 83.3(f)(3). Trial courts have discretion whether to grant or deny a motion to withdraw as counsel of record in a civil case, and in so deciding, "courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and

(4) the degree to which withdrawal will delay the resolution of the case." *Beard*, 2009 WL 410694, at * 2. Failure to pay attorney's fees can be a valid ground for withdraw. *Inigo v. Express Movers, Inc.*, 2020 WL 8838166, at *2 (S.D. Cal. June 24, 2020). And a "breakdown in communication between counsel and the represented party constitutes good cause to withdraw as counsel." *Three Sons, Inc. v. Felix Express Inc.*, 2022 WL 2286760, at *1 (C.D. Cal. May 6, 2022).

## ANALYSIS

Here, Defense Counsel has shown good cause for withdrawal because all the relevant considerations weigh in its favor. First, Defendant has not paid its Counsel since December 2021 and has refused to communicate with its Counsel for at least two months, making representation nearly impossible. (Egley Decl. ¶¶ 5–13; Supp. Egley Decl. ¶ 6). Second, there is no danger of prejudice since Defendant has been on notice since August 2022 that its Counsel may seek to withdraw, and Plaintiff has indicated she does not oppose the Motion (Mot. at 3–4; Supp. Egley Decl. ¶ 5). *See Inigo*, 2020 WL 8838166, at *2. Defense Counsel also complied with the requirements of Civil Local Rule 83.3(f)(3) by serving a copy of the Motion on Defendant and filing a declaration to that effect. (*See generally* ECF No. 30-2). Third, there is no evidence that granting this Motion would harm the administration of justice. Finally, granting this Motion will not significantly delay the resolution of this case. In fact, granting this Motion will encourage the Defendant to reengage in this litigation and assist in moving the case toward resolution.

The Court recognizes that granting Defense Counsel's withdraw motion will leave Defendant, a legal entity, without counsel in contravention of Civil Local Rule 83.3(j). That rule, however, is not offended if the Court orders the unrepresented Defendant to find substitute counsel and gives adequate time to do so. *See Inigo*, 2020 WL 8838166, at *2; *see also Light Salt Investments, LP v. Fisher*, 2013 WL 12121255. at *1–2 (S.D. Cal. Nov 15, 2013) (granting motion to withdraw as counsel, and setting deadline to secure substitute counsel, where counsel cited plaintiff limited partnership's refusal to participate in litigation and inability to pay fees as reasons for withdrawal). The Court therefore

**GRANTS** Defense Counsel's Motion to Withdraw as Attorney and **DIRECTS** Defendant to find substitute representation within thirty (30) days from the date of this Order.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Call & Jensen's Motion to Withdraw as Attorney.  The Clerk of Court **SHALL** immediately update the docket to reflect the withdraw of Call & Jensen and its attorneys.  Defense Counsel **SHALL** immediately serve Defendant with a copy of this Order and thereafter file a proof of service to confirm the same.  Defendant has thirty (30) days from the date of this Order to obtain new counsel and have new counsel file a notice of appearance.  The settlement conference currently scheduled for December 21, 2022, before Magistrate Judge Bernard G. Skomal is continued until February 6, 2023, at 2:00 p.m. via Zoom Video Conference.  Counsel shall lodge confidential settlement briefs directly with Judge Skomal's chambers by January 23, 2023.  The Final Pretrial Conference currently scheduled for February 1, 2023, before Judge Todd W. Robinson is continued to March 24, 2023, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated:  November 8, 2022

_____
Honorable Todd W. Robinson
United States District Judge